Jesse E. YORK; Allen F. Long; Darrell A. Mitchell; David M. Hoover; Michael S. Long; Johnny E. Long, Plaintiffs–Appellants,

v.

Otto PURKEY, Individually and in his official capacity as Sheriff of Hamblen County, Defendant–Appellee.

No. 02–5827.

United States Court of Appeals, Sixth Circuit.

Feb. 26, 2004.

Anthony A. Seaton, Johnson City, TN, for Plaintiffs–Appellants.

Gary M. Prince, O'Neill, Parker & Williamson, Knoxville, TN, for Defendant–Appellee.

Before DAUGHTREY and COLE, Circuit Judges; and POLSTER, District Judge.*

## OPINION

COLE, Circuit Judge.

Plaintiffs–Appellants Jessie York, Allen Long, Johnny Long, Michael Long, Darrell Mitchell and Michael Hoover, all previously employed by the Hamblen County Sheriff's Department in Hamblen County, Tennessee, appeal the jury's verdict in favor of Defendant–Appellee Sheriff Otto Purkey in their suit filed pursuant to 42 U.S.C. § 1983. In that action, Appellants alleged that Sheriff Purkey violated their First and Fourteenth Amendment rights by firing them in retaliation for their political support of his opponent in the election for Sheriff.

On appeal, they contend that the trial court erred in denying their motions for a new trial on the ground that the jury's verdict in favor of Appellee is contrary to the weight of the evidence presented at trial. Appellants also contend that the trial judge failed to properly instruct the jury regarding the burden of proof as to their claim of political retaliation, erred in dismissing all punitive damage claims against Sheriff Purkey, and erred in granting summary judgment in favor of Sheriff Purkey on Hoover's claims.

For the following reasons, we **AFFIRM** the district court.

## I. BACKGROUND

This case arises from the decision of Sheriff Otto Purkey, upon his election as Sheriff of Hamblen County, Tennessee, to terminate the employment of Appellants, who were employed by the Sheriff's Department under the former Sheriff, Charles Long. In 1998, Purkey defeated Long in an election for the position of Sheriff. Appellants were active in Long's reelection efforts—they actively campaigned on his behalf, erected yard signs, donated to his reelection campaign, and arranged fundraisers on his behalf. Pur-

* The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

key was aware, to some extent, of Appellants' political activities.

After defeating Long, Sheriff Purkey requested that all Sheriff Department employees reapply for their positions. An employee's failure to submit an application would be construed as a resignation. Each of the Appellants submitted the required applications. Without being conducting interviews, however, Sheriff Purkey terminated their employment.

## II. DISCUSSION

### A. Sufficiency of the Evidence

We review the district court's decision to deny a new trial under an abuse of discretion standard. *Conte v. General Housewares Corp.,* 215 F.3d 628, 637 (6th Cir. 2000). "Finding an abuse of discretion in this context requires a firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (internal citations omitted). Appellants have the burden of establishing that no reasonable jury could have found in Sheriff Purkey's favor. *See Schoonover v. Consolidated Freightways Corp. of Delaware Local 24,* 147 F.3d 492, 494 (6th Cir.1998) ("In other words, unless this court is left with the definite and firm conviction that a mistake resulting in plain injustice has been committed, or unless the verdict is contrary to all reason, we must affirm the jury's verdict").

Appellants contend that they are entitled to a new trial because Sheriff Purkey failed to rebut the *prima facie* case of political retaliation they established at trial. In order for the plaintiffs to establish a *prima facie* case of political retaliation at trial, they must establish that: (1) they engaged in constitutionally protected political activity; (2) the defendant knew about this political activity; (3) they suffered an adverse employment action because of

having engaged in this activity; and (4) his participation in protected political activity played a substantial or motivating factor in the adverse employment decision. *Mt. Healthy School Dist. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Once a plaintiff establishes a *prima facie* case the burden then shifts to the defendant to show, by a preponderance of the evidence, that the same adverse employment decision would have occurred even in the absence of the plaintiff's having engaged in protected political activity. *Id.*

Based on our review of the trial record, we conclude that there is sufficient evidence in the trial record for the jury to have found that there was a legitimate, non-retaliatory basis for the dismissal of each plaintiff, irrespective of his political opposition to Sheriff Purkey. Accordingly, the district court did not abuse its discretion in denying Appellants' motion for a new trial.

### B. Jury Instructions

Appellants contend that the trial court erred in denying their motion for a new trial based upon an erroneous jury instruction. We review a trial court's jury instructions to determine whether they reflect a correct interpretation of the relevant law. *Gibson v. City of Louisville,* 336 F.3d 511, 512 (6th Cir.2003). The instructions are reviewed "as a whole to determine whether they adequately inform the jury of relevant considerations and provide a basis in law for the jury to reach its decision." *Id.* (internal quotations omitted). Because the correctness of jury instructions is a question of law, we review them *de novo. Id.*

Appellants argue that the trial court failed to inform the jury that the burden of proof shifts to the defendant once plaintiffs establish their *prima facie* case for politi-

cal retaliation. The trial court instructed the jury, saying: "Now if you find that a plaintiff favors with respect to each [of the factors needed to make out the *prima facie* case], you must decide whether the defendant has shown by a preponderance of the evidence that a plaintiff would have been dismissed for other reasons, even in the absence of the protected activity." This instruction correctly sets forth the legal standard for finding a defendant liable for political retaliation. Accordingly, the jury instruction is correct as a matter of law.

### C. Verdict Form

■ Appellants challenge the validity of the verdict on the basis of a flawed verdict form that produced inconsistent answers to the interrogatories submitted to the jury. When faced with such a claim, an appellate court "look[s] for a reasonable way to read the answers to interrogatories as expressing a coherent and reasonable view of the case." *Tipton v. Michelin Tire Co.*, 101 F.3d 1145, 1148 (6th Cir.1996). While it is unclear from the record whether Appellants objected to the verdict form (or the jury instructions), it is clear that there is no inconsistency in the jury form or the interrogatory answers. *See Waggoner v. Mosti*, 792 F.2d 595, 597 (6th Cir.1986). The first and second questions on each jury form ask whether each plaintiff has engaged in protected activity, and whether that activity was a substantial reason for his termination. These questions constitute the central inquiry of the required *prima facie* case and are clearly and accurately phrased. Appellants assert that the jury's affirmative answer to the third question—whether defendant's acts were the proximate cause of plaintiff's damages—is inconsistent with its negative answer to the fourth question—whether the plaintiff would have been discharged in the absence of having engaged in the pro-

tected activity. The answers, however, are not inconsistent. An affirmative answer to questions one through three establishes the *prima facie* case, which can be rebutted by a showing that the Appellants would have been discharged regardless of their political activity. *See Mt. Healthy Sch. Dist.*, 429 U.S. at 287. Accordingly, there is no inconsistency in either the verdict form or the answers, and the verdict itself cannot be successfully challenged on this basis.

### D. Summary Judgment Against Michael Hoover

■ Appellants contend that the district court erred in its grant of summary judgment in favor of Sheriff Purkey regarding Hoover's claim of political retaliation. The court held that Hoover was unable to present any evidence suggesting that Sheriff Purkey knew of his support for former Sheriff Long. Hoover admitted that he had taken a "low profile" in the sheriff's campaign. In his deposition, Hoover acknowledged that the fact of his sixteen-year employment with Sheriff Long was all that supported his assertion that his support for Long's reelection was known by others. This fact, alone, is insufficient to raise a genuine issue of material fact in opposition to Sheriff Purkey's motion for summary judgment. Therefore, the district court's grant of summary judgment in favor of Sheriff Purkey on Hoover's claims must be affirmed.

### E. Punitive Damages Claim

Having determined that Appellants have presented no argument that justifies overturning the jury's verdict, it is unnecessary for us to consider the trial court's decision not to instruct the jury on their claim for punitive damages.

### III. Conclusion

For the foregoing reasons, we **AFFIRM** the decisions of the district court.